UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY EUGENE BRADLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT, ELEANOR PROVOST, and DONALD SEGERSTROM,<br><br>　　　　Defendants. | Case No. 1:15-cv-00531-LJO-EPG<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS<br><br>(ECF No. 1) |

**I.   INTRODUCTION**

Plaintiff Rodney Bradley ("Plaintiff"), appearing *pro se*, filed a Complaint on April 6, 2015. (ECF No. 1.) The Complaint alleges that Tuolumne County Superior Court, Judge Eleanor Provost, and Judge Donald Segerstrom (collectively, the "Defendants") violated Plaintiff's constitutional rights while presiding over a case involving a traffic violation under the California Vehicle Code. *Id*. Plaintiff has also filed a Motion for Preliminary Injunction reiterating the allegations in his Complaint. (ECF No. 5.) The Court has screened the Complaint and makes its recommendations herein, namely, that Plaintiff's Complaint be DISMISSED WITHOUT LEAVE TO AMEND and Plaintiff's Motion for Preliminary Injunction be accordingly DENIED.

///

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief."  If the Court determines that the complaint fails to state a claim, it must be dismissed.  *Id.*  Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## III.    PLAINTIFF'S ALLEGATIONS

The Complaint explains that Plaintiff was cited for a traffic violation at some point in 2014.  Although the precise nature of the violation is not clear from the Complaint, a minute order from Tuolumne County Superior Court which is attached to the Complaint indicates that Plaintiff was cited for a violation of California Vehicle Code § 27501(b), which prohibits individuals from

2

1  using "on a highway a pneumatic tire which is not in conformance" with applicable state
2  regulations. On October 20, 2014, Defendant Provost set bail for Plaintiff at $190, apparently in
3  conformance with a bail schedule that Tuolumne County Superior Court used at the time to set
4  bail in traffic cases.[1] Plaintiff objected, arguing that the bail schedule did not conform with the
5  requirement, under the California Constitution, that bail be assessed considering the specific
6  circumstances of each case.

7  Plaintiff then appealed Defendant Provost's decision to the court's appellate division,
8  where he argued that Defendant Provost would not allow him to conduct a trial by declaration
9  (rather than through a personal appearance) without posting bail. He also renewed his objection
10 to the fixed bail schedule and alleged a violation of his "state and federal constitutional rights."
11 Plaintiff's appeal was denied. On March 13, 2015, Plaintiff filed a Motion for Peremptory
12 Challenge seeking to remove Defendant Provost from presiding over his case. The motion was
13 denied as untimely by Defendant Segerstrom. On March 20, 2015, Plaintiff filed a Motion to
14 Correct Errors, arguing that Defendant Provost lacked jurisdiction to impose bail and, in doing so,
15 was "engaged in an act or acts of treason." (Complaint, Exh. C, ECF No. 1.) Plaintiff also noted
16 that he had been serving copies of his legal filings on the Tuolumne County District Attorney's
17 Office, but that the office had asked him to stop doing so. On that same date, Plaintiff filed
18 complaints with the California Commission on Judicial Performance against Defendants Provost
19 and Segerstrom.

20 Plaintiff has now filed suit against Tuolumne County Superior Court, Judge Eleanor
21 Provost, and Judge Donald Segerstrom, alleging violations of his Fifth, Sixth, and Fourteenth
22 Amendment rights. In particular, he asks the Court for injunctive relief instructing Defendants to
23 reconsider the decision assessing bail, to dismiss Plaintiff's traffic case, and to instruct
24 Defendants to comply with the California Constitution. He also asks for damages in the amount
25 of $200 for each appearance he has made in his traffic case. Plaintiff's traffic case was ongoing

---

[1] Shortly after Plaintiff filed his Complaint, the California Judicial Council adopted California Rule of Court 4.105, which requires courts to consider the "totality of the circumstances" in setting bail for infraction cases. This consideration can include whether the bail would "impose an undue hardship on the defendant." Under this new rule, "courts must allow a defendant to appear for arraignment and trial without deposit of bail." Cal. Rules of Court, rule 4.105.

at the time the Complaint was filed; it is unknown whether final judgment has yet been entered in the case at this time.

## IV. DISCUSSION

As an initial matter, federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "Younger abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) (the "underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways"). "Abstention is appropriate in favor of state proceedings if (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions." *Aiona*, 17 F.3d at 1248 ("If these three circumstances exist, then 'a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief'").

Plaintiff's Complaint alleges that judicial proceedings were ongoing at the time the Complaint was filed—although bail had been set, no final judgment was entered. Thus, state proceedings were ongoing and the first requirement has been met. *Id.* at 1249 ("state administrative proceedings and judicial proceedings were ongoing at the time the plaintiffs filed this section 1983 action" where a state court was adjudicating plaintiffs' pending traffic citations); *Wiener v. Cnty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("[T]he critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings'").

Moreover, the state proceedings implicate important state interests in enforcing the safety of public highways and in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal

4

justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *Mackey v. Montrym*, 443 U.S. 1, 17 (1979) (state has a "paramount interest . . . in preserving the safety of its public highways"); *Aiona*, 17 F.3d at 1249 ("the state has an important state interest in keeping drunk drivers off the road").

Plaintiff also has an adequate opportunity to raise his federal claims in the state proceedings. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate"). No such procedural bars are alleged in the Complaint. In fact, Plaintiff appears to have raised his constitutional argument in his petition to the appellate division of the state court. The third prong of the *Younger* test is then met. Because Plaintiff's Complaint asks the Court to intrude upon the ordinary course of state criminal proceedings in a way that would threaten the autonomy of the state court, it must be barred from proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding").

Even if Plaintiff's Complaint were to proceed, Defendants would be immune from judgment. Wherever a "judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). In particular, judges receive immunity from section 1983 claims where they have presided over a plaintiff's case.[2] *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (a judge's "errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation

---

[2] Although Plaintiff does not explicitly frame his claims as § 1983 claims, the Court construes them as such, given his citation to the Fifth, Sixth, and Fourteenth amendments.

5

charging malice or corruption"). Even severe allegations of wrongdoing are inadequate to pierce this immunity. *Ashelman*, 793 F.2d at 1078 (upholding dismissal of a *pro se* prisoner's section 1983 claim alleging conspiracy between a judge and prosecutor because "allegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence"). Such immunity extends not only to judges, but to those "whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985).

In the instant Complaint, the only factual assertions that Plaintiff makes are that: (1) Defendant Provost imposed excessive bail in Plaintiff's traffic case; (2) Defendant Provost would not allow Plaintiff to proceed with a trial by declaration (rather than through a personal appearance) without payment of that bail; (3) Defendant Segerstrom denied Plaintiff's petition appealing Defendant Provost's decision; and, (4) Defendant Segerstrom denied Plaintiff's motion to recuse Defendant Provost from his case. All of these allegations are plainly inadequate to establish that Defendants were acting outside of the scope of judicial immunity with respect to Plaintiff's case. *Del Gratia v. Stafford*, Case No. 14-cv-04019-LHK, 2015 WL 332633, at *6 (N.D. Cal. Jan. 23, 2015) ("Plaintiff's allegations are premised on the fact that Judge Stafford presided over Plaintiff's trial for two traffic violations . . . Presiding over judicial proceedings or making rulings in such a venue are judicial acts covered by the doctrine of judicial immunity"). To the extent Plaintiff seeks relief from Tuolumne County Superior Court as an institution, his claim is also barred by the Eleventh Amendment to the U.S. Constitution because superior courts are treated as state agencies for the purposes of § 1983 litigation. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento County Superior Court (or its employees), because such suits are barred by the Eleventh Amendment"), *citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("a suit against the Superior Court is a suit against the State, barred by the eleventh amendment").

Finally, even if the Court could consider Plaintiff's claim for relief, the crux of his Complaint has already been resolved by the California Judicial Council. On June 8, 2015, the

Judicial Council adopted California Rule of Court 4.105, which requires courts to set bail for infraction cases by considering the hardship the bail may impose on the defendant. It also requires courts to "allow a defendant to appear for arraignment and trial without deposit of bail," although courts may still require a defendant to post bail in a variety of enumerated circumstances. California Rules of Court, rule 4.105(b), (c). Because the complained-of policies have been resolved by the California Judicial Council, Plaintiff's Complaint is moot and must be dismissed. *Nelson v. Giurbino*, 395 F.Supp.2d 946, 952 (S.D. Cal. 2005), *quoting Alaska Ctr. for Env't v. U.S. Forest Serv.*, 189 F.3d 851, 854 (9th Cir. 1999) ("Generally, an action is mooted when the issues presented are no longer live and the parties lack a legally cognizable interest for which the courts can grant a remedy").

Leave to amend is inappropriate under these circumstances. The failure in the Complaint is not in missing facts; it is in the Court's ability to award the relief sought under these factual circumstances. Because no amendment can allow the Court to intervene in pending state court proceedings or remove Defendants' well-established immunity, leave to amend is improper. *Del Gratia*, 2015 WL 332633 at *8 ("where, as here, prosecutorial and judicial immunity bar a plaintiff's claims, those deficiencies cannot be cured by amendment"), *citing Ashelman*, 793 F.2d at 1078.

**V.    RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS the following:

1. Plaintiff's Motion for Preliminary Injunction be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT LEAVE TO AMEND; and,
3. The Clerk of the Court be DIRECTED to close this action.

These findings and recommendations will be submitted to the United States District Judge assigned to this case pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that

7

failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 11, 2016**                    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE