UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY EUGENE BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>TUOLUMNE COUNTY SUPERIOR COURT, ELEANOR PROVOST, and DONALD SEGERSTROM,<br><br>Defendants. | **Case No. 1:15-cv-00531-LJO-EPG**<br><br>**ORDER RE: PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS**<br><br>(ECF No. 7) |

Plaintiff Rodney Bradley ("Plaintiff") appearing *pro se* and *in forma pauperis*, filed this action on April 6, 2015. (ECF No. 1.) On January 12, 2016, the Magistrate Judge issued Findings and Recommendations recommending that the case be dismissed without leave to amend. (ECF No. 7.) The Findings and Recommendations were served on Plaintiff with instructions that any objections must be filed within thirty days. Plaintiff did not file any objections within that period. On February 18, 2016, the Court issued an Order Adopting Findings and Recommendations in Full, which denied Plaintiff's Motion for Preliminary Injunction and dismissed the Complaint without leave to amend. (ECF No. 8.) The case was closed and final judgment was entered.

On February 25, 2016, one week after the Order Adopting Findings and

1

Recommendations issued, Plaintiff filed objections to the Magistrate Judge's Findings and Recommendations, arguing that this Court has subject matter jurisdiction to consider a federal constitutional claim regarding a state law. Plaintiff asks that "someone there at the district court clue-in Judge Erica, and reverse her pathetic decision." (ECF No. 10.) Plaintiff dated his objections "February 10, 2016," although the objections were filed with the Court on February 25, 2016.

As an initial matter, Plaintiff's objections are untimely and not subject to mandatory review. Although the objections are dated within the thirty day objection period specified in the Findings and Recommendations, Plaintiff didto file the objections with the Court until well after the objection period had elapsed. The objections were thus not filed within the specified period and are untimely. *Smith v. Frank*, 923 F.2d 139, 141 (9th Cir. 1991) ("The consensus is that '[p]apers and pleadings . . . are considered filed when they are placed in the possession of the clerk of the court.'"). As a result, Plaintiff's objections are not entitled to review by the Court. *Gonzales v. Harris*, 514 F.Supp. 991, 993 (E.D. Cal. 1981) ("the mandatory de novo review procedure applies only when objections are timely filed.").

Regardless, however, the Court has reviewed Plaintiff's objections and determines that they do not support reconsideration of the Court's previous order. Plaintiff is correct that a federal court may have subject matter jurisdiction to entertain a constitutional challenge to a state law. But the Findings and Recommendations did not recommend dismissal of the Complaint because the Court lacked subject matter jurisdiction over Plaintiff's claims. Rather, they recommended dismissal because the Court was unable to provide the relief that Plaintiff sought. As explained in the Findings and Recommendations, federal courts must decline when asked to "interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994); *see also Younger v. Harris*, 401 U.S. 37, 44 (1971) ("The concept does not

mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States."). Plaintiff's traffic proceedings in Tuolumne County Superior Court are pending state criminal proceedings and the Court must not interfere.

In any case, Plaintiff's objections do not speak to the issues of judicial immunity and mootness discussed within the Findings and Recommendations, both of which constitute independent bases to dismiss Plaintiff's Complaint without leave to amend. To the extent Plaintiff's objections constitute a request to reconsider the previous order dismissing his Complaint, that request is DENIED.

IT IS SO ORDERED.

Dated: **March 1, 2016**            /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE